# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOSE ARECHEDERRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-4030-CV-W-FJG |
| | ) |
| HUNTER'S VIEW LTD., C & S GLOBAL | ) |
| IMPORTS, AND WAL-MART STORES | ) |
| EAST, L.P., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court requested additional briefing from Plaintiff Jose Arechederra and from Defendant Wal-Mart Stores East, L.P. ("Wal-Mart") on issues relevant to Plaintiff's Motion for Remand (Doc. # 6), the Response in Opposition filed by Wal-Mart (Doc. # 8), and Plaintiff's Reply (Doc. # 11). Those briefs have now been filed (Doc. #s 21, 22, 23) and the motion is ripe for ruling.

### I. BACKGROUND

Plaintiff filed a personal injury petition in Callaway County seeking damages for injuries he sustained when he was climbing down from a deer hunting stand and the top and bottom of the stand separated, causing him to fall. Plaintiff fell about five feet to the ground and suffered a fracture in his thoracic spine. He alleges that the deer hunting stand was defective in design because it did not include safety interlocking pins to hold the upper and lower halves together, unlike other models.

Plaintiff purchased the stand, which was manufactured by Defendant Hunter's View Ltd. ("Hunter's View"), from Wal-Mart on October 1, 2005. The accident occurred

on October 5, 2007. That same year, Defendant C & S Global Imports ("C & S") acquired, out of bankruptcy, the rights, assets, and liabilities of Hunter's View.

Plaintiff filed his petition for damages in the Circuit Court of Callaway County on December 10, 2011. He accomplished service of his petition on all three defendants within twenty days: Wal-Mart was served on December 22, C & S was served on December 29, and Hunter's View was served on December 30. Wal-Mart removed the case from the Circuit Court of Callaway County, claiming that federal jurisdiction exists on the basis of diversity of citizenship. Plaintiff moves to remand on the ground that not all defendants consented to removal, and thus removal is not valid pursuant to 28 U.S.C. § 1446(a).

Arechederra did not file the returns of service for C & S and Hunter's View with the Circuit Court before Wal-Mart filed its Notice of Removal on January 21, 2011. Wal-Mart's Notice was silent as to whether C & S or Hunter's View consented to the removal. Arechederra argues that Wal-Mart's Notice is defective because it does not explain why the other defendants have not consented. In response to Arechederra's Motion for Remand, Wal-Mart moved to file an Amended Notice of Removal in which it asserts that it has no obligation to seek consent from the other defendants because C & S is a fictitious entity and Hunter's View is a nominal party.

## II. STANDARD

The defendant has the burden to prove that removal is proper and that all statutory requirements are met. District courts construe the removal statute narrowly and resolve any doubt about the propriety of removal in favor of state court jurisdiction.

2

Brand v. Kansas City Gastroenterology & Hepatology, LLC, 547 F. Supp. 2d 1001, 1003 (W.D. Mo. 2008) (citations omitted).  Although exceptions exist, the general rule holds that all defendants must consent to removal of the action from state to federal court or the case will be remanded.  Marano Enters. of Kansas v. Z-Teca Rests., L.P., 254 F.3d 753, 754 n.2 (8th Cir. 2001).  This rule of unanimity, as it is called, does not require all defendants to sign the removal petition, but each defendant must provide notice of consent to the court within thirty days of receiving plaintiff's complaint/petition.  Moore v. Fed. Ins. Co., 2006 WL 1382330 at *2 (W.D. Mo. May 19, 2006).  Three principles are advanced in requiring the consent of all defendants: 1) there is no risk of inconsistent adjudications in state and federal courts; 2) one defendant is not allowed to choose the forum for all defendants; and 3) state courts maintain the ability to hear federal claims that Congress has not reserved exclusively to the federal courts.  Fellhauer v. City of Geneva, 673 F. Supp. 1445, 1447 n.5 (N.D. Ill. 1987).

Wal-Mart asserts that an exception applies to excuse it from seeking consent from Hunter's View.  According to Wal-Mart, Hunter's View is a nominal defendant.  A party is nominal when it has virtually no interest in the outcome of the litigation and the plaintiff is unable to state a claim for relief against that party.  Novovic v. Greyhound Lines, Inc., 2008 WL 5000228 (E.D.N.Y. Nov. 19, 2008).  The Eighth Circuit defines nominal defendants as "those against whom no real relief is sought."  Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002).

Wal-Mart also asserts that it need not obtain consent for removal from C & S because C & S is a fictitious defendant.  A removing party is obviously unable and not

required to obtain consent from a fictitious defendant, Gilberg v. Stepan Co., 24 F. Supp. 2d 325, 329 n.2 (D.N.J.1998), but removal is improper when a defendant has yet to be served because plaintiff has yet to ascertain its exact identity. See Pecherski v. Gen. Motors Corp., 636 F.2d 1156, 1158-61 (8th Cir. 1981).

Arechederra and Wal-Mart agree that the rule of unanimity still applies to defendants who have not filed responsive pleadings and are in default. K.L. v. State Farm Mut. Auto. Ins. Co., 2006 WL 51192 at *2 (E.D. Mo. Jan. 10, 2006) (citing Horton v. Conklin, 431 F.3d 602, 604 (8th Cir. 2005)). Accordingly, Wal-Mart is not arguing that its failure to seek consent from Hunter's View and C & S is excused because those defendants have not filed answers to Arechederra's petition.

### III.  DISCUSSION

We first turn to Wal-Mart's assertion that it could not obtain consent from C & S because it is a fictitious entity. In his petition (Doc. #21-5), Arechederra identified the party as "C & S Global Imports," an Illinois corporation, whose registered agent is Gregory A. Mescher, 108 S. Wood Street, Washington, IL 61571. Wal-Mart stated in its Notice of Removal (Doc. #3) that C & S is a citizen of Illinois for purposes of establishing federal court jurisdiction based on diversity of citizenship. However, in its opposition to Arechederra's Motion for Remand, Wal-Mart distanced itself from knowledge of the company and reported that its search through the records of the Illinois Secretary of State revealed no corporation with that name. Instead, it discovered a corporation named "C & S Global Imports, Inc.," whose registered agent is Gregory A. Mescher at the address listed above. Wal-Mart asserts that is not the entity

4

Arechederra sued, and that it had no obligation to make further inquiry or to seek that entity's consent.[1] Wal-Mart also states that C & S underwent an involuntary dissolution on May 13, 2011, but it does not argue that such move has any effect on C & S's lack of consent to remove this action.

Arechederra asserts that his failure to include "Inc." in C & S's corporate name is a minor issue and he points out that Wal-Mart was easily able to ascertain what corporation Arechederra was naming. With respect to C & S's involuntary dissolution that reportedly occurred more than thirty days after C & S was served and after Wal-Mart removed the case, Arechederra argues that C & S was a corporation in good standing at the only relevant time, i.e., when he filed his petition and when Wal-Mart removed it. See Novovic v. Greyhound Lines, Inc., 2008 WL 5000228, at *4 (E.D.N.Y. Nov. 19, 2008) (rejecting removing defendant's argument that co-defendant who filed for bankruptcy three weeks after removal was thereby nominal and need not consent to removal).

Given the requirement that this Court resolve all doubts about federal jurisdiction in favor of remand, In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993), we agree that this case cannot be removed without the timely consent of C & S. Such consent was due within thirty days of December 29, 2010, the date on which C &

---

[1] Wal-Mart does acknowledge its error in failing to state the names and citizenship of its general and limited partners in its Petition for Removal, in that a limited partnership's citizenship is based on the citizenship of its general and limited partners. Wal-Mart seeks leave to amend its Notice of Removal to properly allege its citizenship (Doc. #9). Arechederra similarly seeks leave to amend to change the named Defendant "C & S Global Imports" to "C & S Global Imports, Inc."

S was served. 28 U.S.C. § 1446(b); see Marano Enters. of Kansas v. Z-Teca Rests., L.P., 254 F.3d 753, 756-57 (8th Cir. 2001) (later-served defendants have thirty days from date of service to file notice of removal with unanimous consent of co-defendants).

Wal-Mart asserts that it had no notice that either C & S or Hunter's View had been served with Arechederra's petition because Arechederra did not file returns of service as to those defendants before Wal-Mart filed its Notice of Removal. Consequently, Wal-Mart argues that it had no duty to seek their consent because it had no reason to believe they had been served. This argument misses the mark. Wal-Mart's argument goes to whether it had an obligation to seek consent from the other defendants to join in its removal petition within thirty days of December 22, the date Wal-Mart was served. We need not decide that issue. Both of the other defendants were served later – C & S on December 29 and Hunter's View on December 30 – and the Eighth Circuit has made it clear that removal would have been perfected if all three defendants had consented by a date thirty days after the **last** defendant was served. Marano Enters. of Kansas, 254 F.3d at 756-57. It does not matter if Wal-Mart knew whether or when C & S and Hunter's View were served; what matters is whether those defendants also concluded that removal was in their best interest and provided written notice thereof within thirty days of December 30. No such notice was filed, and thus all prerequisites for removal have not been satisfied.

Because Wal-Mart did not obtain the consent of defendant C & S to remove Arechederra's petition and remand is necessary, we need not decide whether Hunter's View was also required to give its consent.

## IV. CONCLUSION

Wal-Mart has not carried its burden to prove that removal is proper in this case. We must strictly construe the removal statute and resolve any doubts in favor of state court jurisdiction.  Brand v. Kansas City Gastroenterology & Hepatology, LLC, 547 F. Supp. 2d 1001, 1003 (W.D. Mo. 2008).  Therefore, the Court hereby **GRANTS** Plaintiff's Motion for Remand (Doc. #6), **DENIES** as **MOOT** Defendant Wal-Mart's Motion for Leave to File Amended Notice of Removal (Doc. # 9), and **DENIES** as **MOOT** Plaintiff's request for leave to amend his claim to change the named Defendant C & S Global Imports to C & S Global Imports, Inc. (Doc. #11 at p. 4).

This case is **REMANDED** to the Circuit Court of Callaway County, Missouri.  The Clerk of the Court is directed to mail a certified copy of this Order to the Circuit Clerk of Callaway County as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Date: 06/24/11  
Kansas City, Missouri

*/s/ Fernando J. Gaitan, Jr.*  
Fernando J. Gaitan, Jr.  
Chief United States District Judge